FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. HILL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STEPHEN SINCLAIR, TYLER TOMPKINS, BILLIE PETERSON, and CHERYL STRANGE,<br><br>　　　　Defendants. | No. 4:23-CV-05113-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　Before the Court is Plaintiff's Motion for Reconsideration of the Order Dismissing Action with prejudice, ECF No. 12. The Motion was considered without oral argument on the date signed below.

　　By Order filed November 9, 2023, the Court dismissed Plaintiff's action for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 9. The Court entered judgment the same day. ECF No. 10. The Court found that Plaintiff's assertion that the failure of supervisory state officials to conform prison policies to state statutes resulted in his inability to apply for a furlough in 2020, was insufficient to state a constitutional violation, *see Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 843–44

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

1 (9th Cir. 1985), and that apart from conclusory assertions, Plaintiff failed to present
2 facts supporting a claim of retaliation under *Rhodes v. Robinson*, 408 F.3d 559,
3 562, 567–68 n.11 (9th Cir. 2005). *See* ECF No. 9 at 2. Plaintiff, a prisoner at the
4 Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis.* The
5 Court did not direct that Defendants be served in this action.

## MOTION FOR RECONSIDERATION

Courts may review a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J Multnomah Cnty., Or.,* 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah Cnty., Or.,* 5 F.3d at 1263.

Having liberally construed Plaintiff's submissions, the Court finds that he has presented no new facts, information, or newly discovered evidence for the Court to consider in evaluating his request. *Id.* His assertion of a state created "right-to-apply" for a furlough, ECF No. 12 at 1–2, does not warrant reconsideration. Plaintiff has not shown that the Court committed clear error or that the Court's Order Dismissing Action, ECF No. 9, was manifestly unjust. And there has been no intervening change in controlling law or any other circumstances warranting reconsideration. *School Dist. No. 1J Multnomah Cnty., Or.*, 5 F.3d at 1263.

//
//
//

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration, ECF No. 12, is **DENIED.**

2. The file shall remain **CLOSED.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, provide a copy to Plaintiff. The Court certifies any appeal of this decision would not be taken in good faith.

**DATED** this 3rd day of January 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 1